IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAARON SHEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 22-1708 |
| v. ) | Judge Nora Barry Fischer |
| ) | Magistrate Judge Patricia L. Dodge |
| O.M.G., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

AND NOW, this 18th day of April, 2023, after Plaintiff Daaron Shears was granted in forma pauperis status and his Complaint was filed in this matter, (Docket Nos. 4, 5), and a Report and Recommendation was filed by United States Magistrate Judge Patricia L. Dodge on March 23, 2023, (Docket No. 8), recommending that Plaintiff's Complaint be dismissed, and that leave to amend be denied, as well as directing any objections to be filed within 14 days or by April 10, 2023 for non-ECF users, and no objections having been filed as of the date of this Order, and upon independent review of the record and consideration of the Magistrate Judge's Report and Recommendation, (Docket No. 8), which is ADOPTED as the opinion of this Court, as supplemented herein,

IT IS HEREBY ORDERED that Plaintiff's Complaint [5] is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6) and leave to amend is denied, as any amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

In so holding, the Court notes that, liberally construed, Plaintiff's *pro se* Complaint asserts § 1983 and defamation claims seeking damages and declaratory relief against O.M.G. arising from her prior reports to law enforcement and testimony against him in his criminal case at Docket No. 1660-2011 in the Court of Common Pleas of Fayette County. (Docket Nos. 1 at 4; 5). In 2012, Plaintiff was convicted of rape, sexual assault, and statutory sexual assault and is currently serving a sentence of incarceration at SCI Rockview. (Docket No. 8 at 1). It is this Court's opinion that Plaintiff's § 1983 claim is subject to dismissal for failure to state a claim for several reasons:

- it is barred by the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) as the state convictions have not been set aside, *see also Shears v. Clem-Johnston et al.*, Civ. A. No. 2:19-1628, Docket No. 66 (W.D. Pa. Aug. 11, 2021) (*Heck* barred claims against investigating law enforcement officer);

- O.M.G. is not a state actor subject to suit under § 1983 and Plaintiff has not alleged the existence of a conspiracy involving state actors, *see Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); and,

- O.M.G. is entitled to absolute immunity from any claims premised on her testimony against Plaintiff in the criminal case, *see Gause v. Haile*, 559 F. App'x 196, 198 (3d Cir. 2014) (witness who testified against plaintiff in rape prosecution could not be liable for § 1983 damages based on testimony).

Hence, Plaintiff's § 1983 claim must be dismissed, with prejudice. *See Afzal v. American Board of Internal Medicine*, App. No. 22-1234, 2022 WL 2447115 at *1 (3d Cir. 2022) (dismissing § 1983 claim for failure to allege defendant was a state actor subject to suit under statute); *see also Garrett v. Murphy*, 17 F.4th 419, 423 (3d Cir. 2021) ("A suit dismissed under *Heck* is dismissed for failure to state a claim and counts as a strike.").

As to the state law defamation claim, the Court lacks diversity jurisdiction because Plaintiff and O.M.G. are both citizens of Pennsylvania. *See Jordan v. Philadelphia Media Network*, 751 F. App'x 239, 241 (3d Cir. 2018) (dismissing state law defamation claim for lack of subject matter jurisdiction because the parties were not completely diverse). However, the Court has discretion to exercise supplemental jurisdiction over a state law claim under 28 U.S.C. § 1367(c) if doing so is in the interests of judicial economy, convenience and fairness to the parties, as is the case here. *See Talley v. Wetzel*, 15 F.4th 275, 281 (3d Cir. 2021) (citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (further citations omitted) (court has discretion to retain jurisdiction over a prisoner's state law claim under supplemental jurisdiction and dismiss it for failure to state a claim).

To that end, Plaintiff's defamation claim against O.M.G. is subject to dismissal for failure to state a claim because it is barred by the applicable 1-year statute of limitations under Pennsylvania law. *See e.g.*, 42 Pa.C.S. § 5523(1) (defamation claims are subject to 1-year statute of limitations); *Ghrist v. CBS Broadcasting, Inc.*, 40 F.Supp.3d 623, (W.D. Pa. 2014) (Hornak, C.J.) ("[…]false light/invasion of privacy and defamation allegations […] remain time-barred under Pennsylvania's one-year statute of limitations"). The limitations bar is apparent on the face of Plaintiff's Complaint subjecting the defamation claim to dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6) because the events in question took place more than a decade ago when O.M.G. reported his actions to police and testified against him leading to his convictions in 2012. *See e.g., Moore v. Pennsylvania*, Appeal No. 22-1945, 2022 WL 7375509, at *2, n.3 (3d Cir. Oct. 13, 2022) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)) ("for the claims for which a time-bar and the absence of meritorious tolling issues were obvious from the

3

face of the complaint, the District Court could properly dismiss them as time-barred *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii)."). Plaintiff otherwise admits that he "discovered" that he was allegedly defamed by O.M.G. on January 2, 2021 but did not initiate this lawsuit until more than one year later on November 19, 2022. *See id.* Since the defamation claim is clearly time-barred, the Court will retain supplemental jurisdiction and dismiss it for failure to state a claim, with prejudice. *See Talley,* 15 F.4th at 281.

The Court further finds that leave to amend would be futile for the above-stated reasons and will not *sua sponte* grant leave to amend in this instance. *See e.g., Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *Grayson* 293 F.3d at 108.

FINALLY, an appropriate Judgment follows.

> *s/ Nora Barry Fischer*
> Nora Barry Fischer
> Senior U.S. District Judge

cc/ecf: United States Magistrate Judge Patricia L. Dodge

All counsel of record.

cc:    DAARON SHEARS
       KV1912
       SCI ROCKVIEW
       Box A
       1 Rockview Place
       Bellefonte, PA 16823
       (via first class mail)